**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000116**
**26-JUN-2018**
**01:37 PM**

NO. CAAP-18-0000116

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KIMBERLY SOUZA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DCW-18-0000104)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal by Defendant-Appellant Kimberly Souza (Appellant), pro se, from district court case no. 5DCW-18-0000104.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). "Appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters. Such appeals may be made to the intermediate appellate court, subject to chapter 602, whenever the party appealing shall file notice of the party's appeal within thirty days, or such other time as may be provided by the rules of the court." HRS § 641-12. "[I]n order to appeal a criminal matter in the district court, the appealing party must

appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also HRPP Rule 32(c)(2).

There is no written judgment or order filed with the clerk of the court that constitutes a final judgment or decision in the case. Therefore, Appellant's appeal is premature and this court lacks appellate jurisdiction.

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 26, 2018.


Chief Judge


Associate Judge


Associate Judge